**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**GULF RESTORATION NETWORK** **PLAINTIFF**

**vs.** **CIVIL ACTION NO. 5:16-cv-00001-DCB-MTP**

**TOWN OF CENTREVILLE, MISSISSIPPI** **DEFENDANT**

**CONSENT FINAL JUDGMENT**

WHEREAS, Plaintiff Gulf Restoration Network ("GRN" or "Plaintiff") is a nonprofit corporation organized under the laws of Louisiana; and

WHEREAS, on January 5, 2016, GRN filed a Complaint with this Court against Defendant Town of Centreville, Mississippi ("Centreville" or "Defendant") under the citizen suit provision of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging violations of the CWA, 33 U.S.C. §§ 1251-1376; and

WHEREAS, on July 20, 2016, Centreville filed its Answer and Affirmative Defenses denying that it committed any violation of the CWA; and

WHEREAS, GRN and Centreville (collectively, "the Parties") have negotiated in good faith and have reached a compromise and settlement of the issues raised in the Complaint; and

WHEREAS, the Parties have entered into a Full and Final Settlement Agreement effective September 14, 2017; and

WHEREAS, pursuant to the terms of the Full and Final Settlement Agreement the parties will enter into a Consent Final Judgment incorporating by reference the terms of the Full and Final Settlement Agreement, which Consent Final Judgment shall fully and finally resolve this civil action; and

WHEREAS, Centreville's agreement to this Consent Final Judgment is not an admission of liability, except for Centreville's consent to jurisdiction and venue as provided in paragraphs 1 and 2 of this Consent Final Judgment, nor is it an adjudication or admission of any law or facts; and

WHEREAS, the Parties recognize, and the Court by entering this Consent Final Judgment finds, that this Consent Final Judgment has been negotiated by the Parties in good faith and that this Consent Final Judgment is fair, reasonable, and in the public interest; and

WHEREAS the Parties respectfully request that the Court enter this Consent Final Judgment, following a 45-day waiting period for review by the federal government, pursuant to § 1365(c) of Clean Water Act, which provides: "No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator [of EPA]."

NOW, THEREFORE, with the consent of the Parties, it is HEREBY ORDERED, ADJUDICATED and DECREED as follows:

## I. JURISDICTION AND APPLICABILITY

1. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and the CWA, 33 U.S.C. § 1365. This Court has personal jurisdiction over the Parties.

2. Venue is proper in the Southern District of Mississippi because the violations alleged in the Complaint are alleged to have occurred in this judicial district.

3. The Consent Final Judgment is binding upon the Parties.

4. Each Party promises and warrants that the person or persons that execute this Consent Final Judgment on the Party's behalf is authorized to execute this Consent Final Judgment and to bind that Party to its terms.

## II. OBLIGATIONS

5. Centreville shall comply with the terms of the Full and Final Settlement Agreement, attached hereto as Exhibit A, the terms of which are incorporated herein by reference;

6. Centreville shall submit to GRN a written notice of compliance or noncompliance with each deadline contained in paragraphs 1 through 7 of the Full and Final Settlement Agreement. Centreville shall submit each written notice within 10 business days of compliance or noncompliance

7. Centreville shall send the written notice of compliance or noncompliance with each deadline contained in paragraphs 1 through 7 of the Full and Final Settlement Agreement to counsel for GRN at the following address:

Machelle Hall, Esq.
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118
mhall9@tulane.edu

## III. RETENTION OF JURISDICTION AND DISMISSAL WITH PREJUDICE

8. This Court shall retain jurisdiction over this case for the purpose of enforcing the terms of this Consent Final Judgment, including resolving any disputes between the Parties arising under this Consent Judgment.

9. In all other respects, except as specified in Paragraph 8 above, GRN's Complaint is dismissed with prejudice.

SO ORDERED, THIS THE 3rd DAY OF November, 2017.

s/David Bramlette
**HONORABLE DAVID BRAMLETTE**
**UNITED STATES DISTRICT JUDGE**

**AGREED:**

Machelle Hall, Esq.
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118-6321
Telephone: (504) 862-8818
Facsimile: (504) 862-8721
mhall9@tulane.edu
***Counsel for Plaintiff Gulf Restoration Network***

Cynthia Sarthou
Executive Director
Gulf Restoration Network
330 Carondelet Street, 3rd Floor
New Orleans, LA 70130

Joseph Anthony Sclafani, Esq. (MSB No. 99670)
Brunini, Grantham, Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Post Office Drawer 119
Jackson, MS 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6844
jsclafani@brunini.com
***Counsel for Defendant Town of Centreville***

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GULF RESTORATION NETWORK — PLAINTIFF

vs. — CIVIL ACTION NO. 5:16-cv-00001-DCB-MTP

TOWN OF CENTREVILLE, MISSISSIPPI — DEFENDANT

---

# FULL AND FINAL SETTLEMENT AGREEMENT

---

This Full and Final Settlement Agreement ("Agreement") is entered into by and among Plaintiff Gulf Restoration Network ("GRN") and Defendant Town of Centreville, Mississippi ("Centreville") (collectively the "Parties").

WHEREAS, GRN filed a Complaint against Centreville styled Gulf Restoration Network v. Town of Centreville, Mississippi, in the United States District Court for the Southern District of Mississippi, Civil Action No. 5:16-cv-1-DCB-MTP ("the Civil Action");

WHEREAS, the Parties have negotiated in good-faith and have reached a compromise and settlement of the issues raised in the Complaint;

WHEREAS, in order to avoid any further litigation, the Parties desire to enter into this Agreement, upon the terms and conditions set forth below, to resolve and dispose of claims made, or that might have been made in the Complaint;

WHEREAS, the Parties consent to this Agreement is not an admission of liability by either Party; and

NOW, THEREFORE, in consideration of the promises, covenants and undertakings herein contained, the Parties agree as follows:

1. Within thirty (30) days of the effective date of this Agreement, Centreville shall send follow-up letters to each resident that previously received a letter following the July 2016 smoke test. Such letters shall request that each resident either confirm that corrective action has been taken, or that they immediately take corrective action to address the points of infiltration into the sewerage system previously identified.

2. Within ninety (90) days of the effective date of this Agreement, GRN shall identify specific manholes that it believes should be lined with a gasket and holes in the manhole cover plugged to prevent storm water from infiltrating the sewer system. Centreville agrees to take the requested corrective action with respect to the manholes identified by GRN.



EXHIBIT
tabbies
A

3. Within one hundred and twenty (120) days of the effective date of this Agreement, Centreville shall conduct a follow-up smoke test to determine if the points of infiltration into the sewer system identified during the July 2016 smoke test have been remedied or if they still exist. In connection with this smoke test, Centreville will record either on a map or by noting specific GPS coordinates each then-existing point of infiltration into the sewer system. Upon request, representatives of GRN may participate in/observe this smoke test.

4. Within one hundred and eighty (180) days of the effective date of this Agreement, Centreville shall adopt a plan to address points of infiltration into the sewer system that exist on private property.

5. Within forty-five (45) days of the adoption of a plan to address points of infiltration into the sewer system that exist on private property, Centreville shall send a second follow-up letter to each resident that had a point of infiltration into the sewer system identified in the smoke test required pursuant to this Agreement.

6. Centreville, with the assistance of GRN, agrees to apply for a grant seeking funds to clean the entire length (both directions) of the 10 inch pipe near Fort Street and conduct a TV camera inspection of this pipe. If the inspection reveals an obstruction or other problem requiring corrective action, Centreville, with the assistance of GRN, agrees to apply for a grant seeking additional funding to take the corrective action. In the absence of an available grant, Centreville has no obligation to take these actions.

7. Centreville agrees to remove manholes and visually inspect and record the level of water in one or more manhole covers along the 10 inch sewer pipe in the Fort Street vicinity immediately following heavy downpours of at least 20 minutes duration in the drainage area affecting the Fort Street manholes and ditches. These inspections are to determine whether overflows are occurring or are about to occur, based on the water level elevation in the manhole(s). Centreville agrees to monitor for a year, or until such time that four separate dated photographic records with notes and water level descriptions can be recorded about the condition of these manholes after significant rains.

8. Centreville shall provide written notice to GRN of the completion of each of the above-referenced actions.

9. The Parties will enter into a Consent Final Judgment incorporating by reference the terms of this Agreement and fully and finally resolving the Civil Action.

10. The Parties shall be responsible for and bear their own attorneys' fees, expenses and costs of every kind and nature whatsoever arising out of or related to the Civil Action.

11. This Agreement represents and expresses the entire agreement and understanding among the Parties regarding the subject matters of this Agreement, and it shall be binding on each of these Parties and their respective agents, representatives, affiliates, antecedents,

successors, and assigns. No amendment, modification or waiver of this Agreement shall be valid unless in writing and signed by the Parties.

12. This Agreement supersedes all prior agreements among the Parties with respect to the subject matter set forth herein.

13. This Agreement may be executed in one or more counterparts, each of which shall constitute an original, but all of which, when taken together, shall constitute but one and the same Agreement.

14. This Agreement shall be governed by the laws of the State of Mississippi.

15. In the event any of the provisions of this Agreement or parts hereof are determined to be invalid and/or unenforceable, such invalidity or unenforceability shall not affect the remaining provisions of this Agreement.

16. The effective date of this Agreement shall be the latest date on which it is executed by one of these Parties.

Cynthia Sarthou
Gulf Restoration Network — 09/14/17 Date

By: Cynthia Sarthou, E.D.

Machelle Lee Hall
Machelle R. Lee Hall (Admitted PHV) — 09-13-17 Date
*Counsel for GRN*

Town of Centreville, Miss
Town of Centreville, Mississippi — 08-23-17 Date

By: David Owens Jr. Mayor

Joseph Anthony Sclafani (MSB No. 99670) — 8/23/17 Date
*Counsel for Town of Centreville*